UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM SHOWALTER,                        )      Case No.:

      Plaintiff,                 )      Hon.

v.                            )

ALPENA COUNTY (MICHIGAN) and  )
MICHELLE REID

      Defendants.

---

CELESTE M. DUNN, PLC
By:  Celeste M. Dunn (P61819)
Attorney for Plaintiff
P.O. Box 1536
Birmingham, MI 48012
(248) 701-3467
celestemdunnplc@gmail.com

---

**COMPLAINT FOR CONSTITUTIONAL VIOLATIONS,
DECLARATORY AND INJUNCTIVE RELIEF,
AND JURY DEMAND**

Plaintiff Kim Sholwalter ("Plaintiff"), by and through her attorney, Celeste M. Dunn, PLC, states for her Complaint as follows:

1.    This is a civil action arising under 42 U.S.C. § 1983 for deprivations of Plaintiff's constitutional rights against Defendants.

2.    Plaintiff also seeks a declaratory judgment that all state court orders

regarding her dog, including those to euthanize the dogs in the 88th Judicial District, Alpena County, State of Michigan, Case Nos. 24-0078-GZ, are void because she is an owner of the Dog Lily and was not a party to the action seeking to destroy the dog.

3. Plaintiff also seeks preliminary and permanent injunctive relief to prevent the Dog's euthanasia and prohibit further seizure while these claims are pending.

4. Plaintiff brings this action against Defendant Michelle Reid in her individual capacity.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367(a), 1341 and 2201.

## VENUE

6. Venue is proper under 28 U.S.C. § 1391(b).

7. The incidents that give rise to this suit all occurred in Alpena County, Michigan.

8. Defendant Alpena County ("County"), acting by way and through its Animal Control Department, is an agency of a political subdivision of the State of Michigan acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action.

9. Upon information and belief, Defendant Michelle Reid ("Reid") is a former public safety officer and/or former animal control officer employed by Defendant County, a political subdivision of the State of Michigan, acting under color of State law

2

and is a person for purposes of a 42 U.S.C. § 1983 action.

## COLOR OF STATE LAW

10.    At all times relevant herein, Defendants acted under color of state law.

## FACTUAL BACKGROUND

11.    At all times relevant to this matter, Plaintiff co-owned Dog Lily with non-party Donna Scull, Plaintiff's mother, who she resided with at 1209 Lakeview Dr., Alpena, Michigan, 49707.

12.    Dog Lily lived under Plaintiff's care at her and her mother's residence up until Dog Lily was ordered surrendered (illegally seized) on July 24, 2024 by way of a court order by honorary state District Court Judge Alan M. Curtis advanced by Defendant Reid.

13.    On February 9, 2024, Defendant Reid and Defendant County (Alpena County Animal Control) filed a Complaint and Summons Regarding Dangerous Animal ("Animal Complaint") for Dog Lily in the 88th Judicial District, Alpena County, State of Michigan, Case Nos. 24-0078-GZ, seeking Dog Lily's destruction.

14.    Defendant Reid attested to the Animal Complaint, attesting to allegations not within her personal knowledge.

15.    Defendant Reid, in her sworn Animal Complaint, pled four allegations against Dog Lily, each being a cause of action pursuant to MCL 287.286a.  Defendant Reid utilized a Michigan Supreme Court Form.

16.    MCL 287.286a, *et seq.*, requires that all owners be served with the

summons. MCL 287.280.

17.     MCL 287.286a falls within the Dog Law of 1919, being MCL 287.261 *et seq*., and owner is defined as: "'[o]wner' when applied to the proprietorship of a dog means every person having a right of property in the dog, and every person who keeps or harbors the dog or has it in his care, and every person who permits the dog to remain on or about any premises occupied by him."

18.     MCL 287.286a requires that a complaint be "sworn" prior to jurisdiction vesting. On February 9, 2024, Defendant Reid attested under oath that Dog Lilly was a dangerous animals and she did not have the requisite personal knowledge in which to make that attestation. The attestation is governed by MCR 1.109(D)(3) [Verification]. Upon information and belief, Defendant Reid never investigated the ownership of Dog Lily. Despite this, she attested to the ownership, and the Complaint was filed in the 88th District Court in Alpena County, Michigan. Plaintiff was not a named party.

19.     As a co-owner, Plaintiff is a necessary party in any proceeding affecting Dog Lily because the dog is Plaintiff's property. MCR 2.205; MCL 287.286a.

20.     The show cause hearing was held, and Plaintiff's mother Donna Scull being the only owner named. The district court judge ordered Dog Lily to be destroyed. A stay of the proceedings followed.

21.     An appeal was filed and the matter affirmed by the Alpena Circuit Court judge sitting as the appellate court on an appeal of right. An application for leave was filed with the Michigan Court of Appeals which was denied on November 19, 2025.

The Court of Appeals denied Ms. Scull's motion for reconsideration on January 7, 2026.

22. An application for leave was filed with the Michigan Supreme Court on January 28, 2026 and remains pending.

23. Plaintiff's ownership has not been adjudicated nor included in any of the prior hearings.

24. As an owner of Dog Lily, Plaintiff is a necessary party in any proceeding affecting the dog because Dog Lily is Plaintiff's property. MCR 2.205. See also, *Reinecke v Sheehy*, 47 Mich App 250, 255 (1973). Personal jurisdiction is required. See also, MCL 287.286a.

25. Plaintiff's Dog Lily remains illegally seized by Defendant County as of the date of this filing.

26. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT

27. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

5

28. As a general matter of due process, there is no right to take property without due process. *Fuentes v. Shevin*, 407 U.S. 67, 890-81 (1972).

29. The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing or destroying or seizing a citizen's property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

30. "[T]here is a constitutional right under the Fourth Amendment to not have one's dog unreasonably seized." *Brown v. Battle Creek Police Department,* 844 F.3d 556, 566 (6th Cir. 2016).

31. Michigan law makes clear that the owners retain a possessory interest in their dogs. *Smith v. City of Detroit*, 751 F. App's 691, 696 (6th Cir. 2018)

32. Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005) (holding that defendant police's shooting of plaintiff's dogs was an unreasonable seizure).

33. The emotional attachment to a family's dog is not comparable to a possessory interest in furniture. *Id*.

34. Indeed, Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of his Dogs "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

35.     Defendants' acts described herein were objectively unreasonable. Defendants' seizure of Dog Lily on July 25, 2024 had no basis in law.  Defendants' orders were achieved without all owners as respondents.  Every order achieved is void as all property owners were not included in the underlying state district court case.

36.     Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous indifference to Plaintiff's constitutional rights.

37.     Defendants' actions were unreasonable under the totality of the circumstances and therefore constituted an unreasonable seizure under the Fourth Amendment.

38.     No governmental interest justifies the intrusion involved in this case.

39.     The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994).

40.     As a direct and proximate cause of Defendant's unlawful seizure of Dog Lily, Plaintiff has suffered and continues to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations.  *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiffs' dog).

## Compensatory Damages

41.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of

compensatory damages.

## Punitive Damages

42.    Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

43.    Plaintiff is entitled to an award of punitive damages against Defendant Reid, in order to punish her and to deter others.

## Attorney's Fees

44.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
## PROCEDURAL DUE PROCESS

45.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

46.    The Fourteenth Amendment provides "nor shall any state deprive any

person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, sect. 1, cl. 3.

47.    To establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights.  See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

48.    Plaintiff has a protected property interest in Dog Lily. MCL 287.286a; MCL 287.321, *et seq., Brown*, *supra*., *Smith*, *supra*.

49.    Plaintiff's protected property interest in Dog Lily has been denied due to the illegal seizure on July 24, 2024, the subsequent void orders and restraint on property without Plaintiff being provided process in the state court case.

50.    Defendants held a hearing and pursued a case without Plaintiff.  There is no adequate post-deprivation remedy.

51.    Therefore, Plaintiff has a constitutionally protected interest that is being affected as a direct and proximate cause of Defendants' actions of seizing property with a court order and achieving subsequent orders without him included as Respondent.  As a direct and proximate cause of Defendants' actions, Plaintiff has been and continues to be damaged.

## Compensatory Damages

52.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

**Punitive Damages**

53.    Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

54.    Plaintiff is entitled to an award of punitive damages against Defendant Reid, in order to punish her and to deter others.

**Attorney's Fees**

55.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**
**POLICY AND CUSTOM LIABILITY UNDER FOURTH**
**AND FOURTEENTH AMENDMENT OF THE US CONSTITUTION**

56.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

57.    Defendants were, or should had been aware, of Plaintiff's ownership interests.

58. Defendant County's actions and inaction demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the state and federal system, including the Federal Sixth Circuit Court of Appeals.

59. Defendant County has a policy indicating a deliberate course of action of not providing for federal constitutionally mandated pre-seizure and post-seizure detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a.

60. Defendant County failed to train and supervise its attorneys and police officers to provide for federal constitutionally mandated pre-seizure and post-seizure detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a.

61. Defendant Reid is an official with decision-making authority and decided and/or ratified the illegal prosecution related to Plaintiff's Dog Lily without lawful authority and without providing Plaintiff process related to the proceeding under MCL 287.268a.

62. Defendant County has a custom of tolerance or acquiescence in not providing for federal constitutionally mandated detention hearings at a meaningful time and a meaningful manner for all owners when proceeding under MCL 287.286a.

63. Defendant County's policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

64. As a direct and proximate cause of Defendant County's policy and custom,

Plaintiff's constitutional rights have been and continue to be violated and have caused Plaintiff to be damaged.

## Compensatory Damages

65.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Attorney's Fees

66.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

67.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

68.    M.C.R. 2.205 provides that: "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests."

12

69.   Adjudication of property without joinder of such necessary parties is void. *Reinecke v. Sheehy*, 47 Mich. App. 250, 255 (1973) (judgment void against party not served); *Markstrom v. United States Steel Corporation*, 182 Mich. App. 570, 574 (1989), *rev'd on other grounds*, 437 Mich. 936 (1991) (settlement not binding on owner not joined as necessary party).

70.   Plaintiff was not joined in the underlying district court case which was a violation of M.C.R. 2.205, M.C.L. 287.286a.

71.   Because of, *inter alia*, the failure to join Plaintiff as a necessary party, any and all orders in the case against Dog Lily are void. *Reinecke*, 47 Mich. App. at 255.

72.   The order to euthanize must be enjoined on a temporary and permanent basis otherwise irreparable harm will occur.

73.   MCL 287.286a contains no provision allowing a district court to seize a dog prior to a hearing, during the pendency of a case, or while on appeal, rendering the on-going illegal seizure constitutional violative, constituting a showing of irreparable harm warranting the enjoining of further detention.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff

13

prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

CELESTE M. DUNN, PLC

By:  /s/ Celeste M. Dunn

_____
Celeste M. Dunn (P61819)
Celeste M. Dunn, PLC
P.O. Box 1536
Birmingham, MI 48012
(248) 701-3467

April 16, 2026

14